UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAUDETTE JONES MCFADDEN AND HENRY MCFADDEN | CIVIL ACTION |
| VERSUS | NO. 04-2547 |
| WAL-MART STORES AND TODD SMITH | SECTION "R" (5) |

### ORDER AND REASONS

Before the Court is plaintiffs' motion for a new trial. For the following reasons, the Court denies plaintiffs' motion.

### I. Background

This matter was a personal injury case in which the plaintiffs alleged that a Wal-Mart employee injured Claudette McFadden by bumping her with a cart in a Wal-Mart store. The Court conducted a two-day jury trial on August 14-15, 2006. After deliberating, the jury returned a verdict against the

McFaddens, finding that plaintiffs had not proved that Claudette McFadden suffered an injury that was proximately caused by Wal-Mart's negligence.  The Court entered a judgment in Wal-Mart's favor on August 23, 2006.  On August 24, 2006, the McFaddens moved for a new trial, arguing (1) that uncontested evidence established that a Wal-Mart employee hit Claudette McFadden, so the jury verdict was contrary to the weight of the evidence; and (2) that, in delivering a verdict for Wal-Mart, the jury acted out of passion, bias or prejudice brought on by Wal-Mart's references to Claudette McFadden's previous personal injuries and the amount of money she was seeking in the present case.

    At trial, the plaintiffs brought evidence showing that, on July 6, 2003, plaintiff Claudette McFadden and her husband, plaintiff Henry McFadden, were shopping at the Wal-Mart Store in Gulfport, MS.  They were in the soft drink isle when Claudette McFadden was struck in the back by a cart loaded with beverages.  According to the McFaddens, the individual pushing the cart, who was unable to see Claudette before the cart struck her, was a Wal-Mart Employee with a blue vest or apron and a Wal-Mart identification badge.  Wal-Mart brought evidence demonstrating that Todd Lynch was the only individual employed by Wal-Mart who fit the description given by the McFaddens and might have been in

the soft drink aisle.  Todd Lynch testified that he would have remembered it if he had hit Claudette McFadden with a soft drink cart, and he recalled no such incident.  He also testified that he had never pushed a cart into a customer.

The McFaddens' evidence showed that Claudette began having pain in her back 20 minutes after the incident, and later that day experienced blood in her urine.  The McFaddens returned to Wal-Mart the next day to report the incident.  Thomas Koppe, the Safety Director for Wal-Mart's Gulfport store, handled the report.  Koppe assumed from the McFaddens' account of the incident that the cart in question was handled by an employee of the distributors of Pepsi or Coca Cola.  Koppe testified that he made this assumption because these were the only individuals who stocked soft drinks from carts; according to Koppe, Wal-Mart employees stocked soft drinks only from pallets.  Koppe asked the Pepsi and Coca Cola distributors if any of their employees were involved in the incident.  The distributors said no.  Koppe further sought any video surveillance recordings of the alleged incident from Wal-Mart's Loss Prevention Department, but was told there was no such surveillance.  The McFaddens assert that surveillance recordings from other areas of the store around the time of the alleged incident would have indicated whether there

was a Wal-Mart employee pushing a cart of soft drinks around the time of the incident.

## II.  Motion for a New Trial

### A.  Legal Standard

Federal Rule of Civil Procedure 59(a) states that a district court may grant a new trial "on all or part of the issues ... in an action which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  FED. R. CIV. P. 59(a); *see also Scordill v. Louisville Ladder Group, L.L.C.*, 2004 WL 1118302, *1 (E.D. La. 2004).  The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court.  *See Pryor v. Trane Company*, 138 F.3d 1024, 1026 (5th Cir. 1998).  Although Rule 59(a) does not enumerate grounds for a new trial, a district court may grant a new trial if the court finds that the verdict is against the weight of the evidence, the damages awarded are excessive or inadequate, the trial was unfair, or prejudicial error was committed in its course.  *See Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985).  Additionally, a new trial must be granted when the Court is unable logically to reconcile an inconsistent jury

4

verdict.  *See Willard v. The John Hayward*, 577 F.2d 1009, 1011 (5th Cir. 1978) ("If the jury gives inconsistent answers to special interrogatories, the case must be remanded for a new trial . . . only if there is no way to reconcile them.").  And, when a motion for a new trial is based on evidentiary grounds, the court should not grant a new trial, unless "the verdict is against the great weight of the evidence."  *Pryor*, 138 F.3d at 1026.

The Fifth Circuit has held that the sufficiency or insufficiency of evidence is governed by the federal standard that when all evidence is viewed in the light most favorable to the jury's verdict, the verdict must stand unless the evidence points so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary conclusion.  *See Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986-87 (5th Cir. 1989) (internal citations omitted).  The Fifth Circuit has interpreted the Seventh Amendment as requiring that "facts once found by a jury in the context of a civil trial are not to be reweighed and a new trial granted lightly."  *Pagan v. Shoney's Inc.*, 931 F.2d 334, 338 (5th Cir. 1991) (*citing Spurlin v. General Motors Corp.*, 528 F.2d 612, 620 (5th Cir. 1976)).  In addition, the credibility of witnesses is

for the jury to determine.  *See Boeing Co. v. Shipman*, 411 F.2d 365, 375 (5th Cir. 1969).

### B.  Weight of the Evidence

The McFaddens contend that they presented evidence proving that a Wal-Mart employee bumped Claudette McFadden with a cart and that Wal-Mart produced evidence tending to prove only that Todd Lynch was not involved in the alleged incident.  Thus, argue the McFaddens, the uncontroverted evidence establishes that it was a Wal-Mart employee who bumped Claudette McFadden.

The McFaddens presented evidence suggesting that a young, male Wal-Mart employee was responsible for bumping and injuring Claudette McFadden.  Claudette McFadden also testified at trial, but not at her deposition, that after the accident a Wal-Mart employee indicated that the culprit was "Crazy Todd," or Todd Lynch.  In response, Wal-Mart presented testimony by Thomas Koppe that Todd Lynch was the only Wal-Mart employee fitting the McFaddens' description who was working at the time of the alleged incident.  Todd Lynch testified at trial that he never pushed a cart into a customer.  He further testified that he would have remembered it if he had pushed a cart into Claudette McFadden on July 6, 2003, and he recalled no such incident.  In addition,

Todd Lynch stated that, as an inventory control specialist, he was forbidden by Wal-Mart policy to push a cart loaded with stock.  Finally, he testified that he did not know of any time that he had violated a Wal-Mart policy or procedure.  Wal-Mart also presented evidence that its employees do not stock soft drinks from carts.

Wal-Mart's evidence contradicted the McFaddens' testimony that a Wal-Mart employee stocking soft drinks from a cart was responsible for Claudette McFadden's injuries and that the employee fit the description of Todd Lynch.  The jury was entitled to make credibility determinations and was not required to accept the McFaddens' evidence.  The plaintiffs have not carried their burden of demonstrating that the evidence points so strongly and overwhelmingly in favor of the McFaddens that reasonable jurors could not deliver a verdict for Wal-Mart.  Accordingly, the Court rejects the plaintiffs' argument that the jury's findings were unreasonable and against the weight of evidence.

### C. Passion or Prejudice

The standard for a new trial on the basis that the jury was influenced by bias, passion or prejudice is governed by *Whitehead*

*v. Food Max of Miss., Inc.*, 163 F.3d 265 (5th Cir. 1998).  That was a civil suit resulting from the kidnapping of a mother and daughter from the parking lot of a national retail chain store.  The mother was later raped.  At trial, counsel for the plaintiffs engaged in a litany of improper arguments that seemed calculated to undermine the jury's impartiality.  *Id.* at 275-279.  Plaintiff's counsel repeatedly returned to arguments to which the trial court had sustained objections, made highly prejudicial statements during argument that had no basis in the evidence, and violated the rule against asking the jurors to put themselves in the plaintiffs' position.  *Id.*  In remanding the case for a new trial solely on the issue of damages, the Court of Appeals noted that the particular circumstances of the case were "fertile ground" for bias, passion and prejudice and that the improper statements were highly prejudicial to the defendant.  *Id.* at 276.  The Court of Appeals also stated that unreasonable size of the jury award was an indicium of the influence of passion and prejudice on the jury.  *Id.* at 278.

In contrast, the Fifth Circuit considered a new trial in a Texas case in which "the closing argument . . . was theatrical and had repeated references to historical and literary figures associated with Texas."  *DP Solutions, Inc. v. Rollins, Inc.*, 353

F.3d 421, 431-32 (5th Cir. 2003).  The Court did not find that a new trial was warranted.  Counsel in *DP Solutions* did not engage in the same degree of repeated impropriety as counsel in *Whitehead*.  *Id.*  And the case, a contract dispute, did not lend itself to the kind of incendiary statements found in *Whitehead*.  *Id.*  Further, the size of the jury award was "not inconsistent with reasonable deliberations on the evidence . . . presented to the jury."  *Id.* at 432-33.  Finally, the defendant failed to object during the allegedly improper arguments.  *Id.*

   The Court finds that there is no support for the argument that counsel for Wal-Mart made improper statements during cross-examination and closing arguments.  Counsel made no statements or arguments remotely resembling those made in *Whitehead* or *DP Solutions*.  The McFaddens have not alleged that counsel offered or referred to, or that the Court admitted, any evidence that was inadmissible.  Counsel for Wal-Mart confined his argument to admissible evidence and permissible lines of argument.  In addition, this case did not involve subject matter that aroused great emotion in the courtroom.[1]  It was a relatively

---

[1] The *Whitehead* court stated that its analysis was based on "reviewing a cold record," but that the "heated, emotional atmosphere" was nonetheless evident from the transcript. *Whitehead*, 163 F.3d at 277 n.3.  In this case, the Court notes

straightforward personal injury case.  Moreover, although the jury made no damages award, the jury's liability determination was not against the great weight of the evidence, as discussed, *supra*.  Finally, counsel for McFaddens made no objection to the allegedly improper arguments.  The Court does not view this omission as a failure on the part of counsel to make appropriate objections, but as evidence that there were no appropriate objections to be made.  Accordingly, the Court finds that the arguments made by defense counsel did not unfairly inflame the jury's bias, passion or prejudice.

For the foregoing reasons, the Court denies plaintiffs' motion for a new trial.

### III. Conclusion

For the foregoing reasons, the Court DENIES plaintiffs' motion for a new trial.

New Orleans, Louisiana, this <u>27th</u> day of October, 2006.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

that the tenor of the proceedings is adequately reflected by the coldness of the record.